IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD B. KELLY,                )
                                 )
       Plaintiff,            )
                                 )
vs.                              )   CIVIL NO. 07-cv-594-WDS
                                 )
DR. RAKESH CHANDRA, *et al.*,    )
                                 )
       Defendants.           )

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate at the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for alleged violations of his Eighth Amendment rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## THE COMPLAINT

Plaintiff alleges that he purposefully cut a "vein in [his] arm open." While medical personnel were treating him, Plaintiff stated "I'm going to continue cutting so strap me down to cool me down." Plaintiff asserts that a telephone call was made to an unknown person who directed that Plaintiff be placed on "crisis watch." Plaintiff was stripped of his clothing and placed in a cell. Plaintiff states while on "crisis watch" he again cut the vein in his arm open.

Plaintiff was then strapped to a bed, but - in the process of being restrained - Plaintiff stated "Yeah, I can still grab my dick and jack off." Plaintiff contends that a nurse called Defendant Powers and relayed her concern that Plaintiff would attempt to ejaculate on staff while they were trying to treat him. Plaintiff contends that Defendant Powers instructed the staff to confine Plaintiff's arms in a manner that prevented him from so doing, but Plaintiff alleges that the manner of restraint was "very, very uncomfortable" and hurt his arm. Despite being restrained, Plaintiff states that he was able to tear the edge of his mattress. As a consequence, the mattress was removed and Plaintiff was left to lay on a "black tarp."

Plaintiff contends that after about "30 to 40 minutes" he started to sweat, he became stuck to the tarp, and his back started "tinggling [sic] a bit." After two hours in the restraints, Plaintiff states that two nurses (not defendants in this action) came to check on his vital signs. Plaintiff states that one of the nurses stated that his restraints were too tight, but there was not anything she could do about it. Later, two corrections officers came in and wiped the bed off with a wet mop head which, Plaintiff claimed, made him feel "a little better." After that, however, Plaintiff asserts that he "could smell chemicals like bleach or . . . germicide" coming from the bed and his back began to burn. Plaintiff claims that his sweat "activated the chemicals [left on the tarp] and they burned

2

[him] to the point [his] back was bleeding and raw." Plaintiff was released from the restraints and brought the burns to the attention of an unnamed nurse (not a defendant in this action) who stated that she would have Defendant Powers examine Plaintiff. Plaintiff, though, alleges that Defendant Powers would not see Plaintiff. Plaintiff asserts two Eighth Amendment claims: (1) that the restraints were too tight causing him pain; and (2) for failing to treat the burns he received.

**DISCUSSION**

Plaintiff's claims against Defendants Chandra and Powers should be dismissed pursuant to 28 U.S.C. § 1915A. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). In this case, Plaintiff's complaint sets forth no allegations concerning Defendant Chandra at all other than he was "on call." In short, it's unclear what Plaintiff claims Defendant Chandra did (or did not do) that caused Plaintiff's injuries - either as it relates to the restraint bed or to the lack of medical attention for Plaintiff's burns.

With respect to Dr. Powers, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate.

3

*Estelle*, 429 U.S. at 107.  *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).  "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense."  *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)].  Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough.  *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).  Allegations of "refusal" to provide medical care, without more, will not establish deliberate indifference, nor will delay, even if serious injury results.  *Id.*

In the case at hand, Plaintiff has not alleged facts indicating that Defendant Powers knew of Plaintiff's medical condition (or he turned a blind eye to it) yet he chose to disregard it.  Thus, Plaintiff has not alleged that Powers exhibited "deliberate indifference" either to Plaintiff's conditions of confinement (the restraint bed) or his medical needs (the burns on Plaintiff's back).  Therefore, the complaint fails to state a claim against Defendant Powers.  Before dismissing the complaint, though, Plaintiff should be afforded an opportunity to amend it to see if he can state a colorable claim that he was deprived of his Eighth Amendment rights by the Defendants.

## DISPOSITION

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this Memorandum and Order, Plaintiff shall file an amended complaint indicating that the named Defendants were directly responsible for and deliberately indifferent to (1) Plaintiff's conditions of confinement (the restraint bed) and (2) Plaintiff's need for medical treatment for the burns he allegedly suffered as

4

a result of being restrained.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint within the time specified, then this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ssee generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED: October 21, 2008.**

                                **s/ WILLIAM D. STIEHL**
                                    **DISTRICT JUDGE**